■ JACOB YUDENFREUND, Appellant, v. BARBARA MORTIMER et al., Respondents.— In an action to recover damages for personal injuries, the appeal is from an order denying appellant's motion for pretrial discovery of the report of appellant's physical examination by respondents' physician. In opposition, respondents stated that appellant had served a statement of readiness prior to making the motion, and requested that it be denied unless he furnishes them with copies of his own physicians' reports and permits an X-ray specialist of respondents' choosing to view the X rays taken by appellant's physician. The Special Term denied the motion on the ground that prior to the making thereof, appellant had filed a statement of readiness. Order reversed, with $10 costs and disbursements, and motion granted on condition that appellant permit a specialist of respondents' choosing to view the X rays taken by appellant's physician. The filing of a statement of readiness does not bar a plaintiff's right to a copy of the report of his physical examination by defendant's doctor (*Berken* v. *Levitt*, 8 A D 2d 938), nor may his right thereto be conditioned upon his furnishing defendant with a copy of the report of examination by his own physician (*Baum* v. *Nussenbaum*, 7 A D 2d 991; *Mansoor* v. *Simon*, 5 A D 2d 845). However, the X rays, being presumably admissible in evidence, are subject to discovery and inspection (Civ. Prac. Act, § 324; Rules Civ. Prac., rule 140; *Miller* v. *New England Mut. Life Ins. Co.*, 14 N. Y. S. 2d 129). Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.

■ NAI-SHUN C. YUNG, as Administratrix of the Estate of HENRY H. YUNG, Deceased, Respondent, v. MOUNT VERNON HOSPITAL et al., Appellants. — In an action to recover damages for wrongful death, the appeals are from an order granting respondent's motion to examine persons as witnesses (Civ. Prac. Act, § 288). Order reversed, without costs, and motion remitted to the Special Term for further proceedings not inconsistent herewith. Under the circumstances presented, the subject matter of the examinations of the witnesses Velma Richardson, Dr. J. G. Sharnoff and Dr. Milton Phillips, and of items 4 and 5 contained in the notice of motion as to witness Rose-Marie Bell Rhodes should not have been allowed, as said subject matter is irrelevant. Furthermore, the depositions should be taken before a Referee (Civ. Prac. Act, § 296-a). Nolan, P. J., Beldock, Ughetta and Kleinfeld, JJ., concur; Murphy, J., deceased.